PER CURIAM.
| denied. Relator fails to show the state withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He also fails to show he received' ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to his remaining claims, he fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2. We attach hereto and make a part hereof the District *710 Court’s written reasons denying relator’s application.
Rélator has 'now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure énvisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period ás set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow excéptions authorizing the filing of a successive application |gapplies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.